UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

EMERGING ACQUISITIONS, LLC,
dba BULK HANDLING SYSTEMS, an
Oregon limited liability company,

        Plaintiff,

  v.

ORACLE INSTALLATIONS
AND FABRICATORS, LLC,
an Ohio limited liability company,

        Defendant.

Case No. 6:20-cv-00453-MK

**OPINION & ORDER**

_____

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Emerging Acquisitions, LLC, filed this breach of contract action in Lane County Circuit Court in February 2020. *See* Notice of Removal, Ex. 1, ECF No. 1-1 ("Compl."). Defendant removed pursuant to this Court's diversity jurisdiction. *See id.* at 3 (establishing that the parties are diverse and the amount in controversy exceeds the statutory minimum), ECF No. 1. Plaintiff now moves for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECF No. 20. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 7. For the reasons that follow, Plaintiff's motion for default judgment is GRANTED.

Page 1 – OPINION & ORDER

## BACKGROUND

Plaintiff and Defendant entered into a contract in which Defendant promised certain installation services at Plaintiff's facilities. Compl. ¶ 4. In exchange for Defendant's performance, Plaintiff agreed to pay Defendant $890,000. *Id.* at ¶ 5. Defendant breached its obligations under the contract, "assault[ed] the project owner and/or the owner's representatives," and thereafter repudiated the contract "abandoning the project and refusing to return to the project site." *Id.* at ¶ 8. In its Complaint, Plaintiff alleged it had incurred damages "estimated to be $1 million." *Id.* at ¶ 9. In a subsequent declaration submitted in support of its motion for default judgment, Plaintiff's corporate counsel declared Defendant's material breach of the contract "caus[ed] damage to [Plaintiff] in the amount of $570,000," which was the cost Plaintiff incurred "engag[ing] another contractor to complete the project, plus the work that must occur to correct and repair defects and damages caused to the facility by [Defendant]." Schagers Decl. ¶ 5, ECF No. 14.

## STANDARD OF REVIEW

The decision whether to grant default judgment is within the discretion of the court. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the district court may consider factors including:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Garcia v. Pacwest Contracting LLC*, No. 3:12-cv-01930-SI, 2016 WL 526236, at *1 (D. Or. Feb. 9, 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

**DISCUSSION**

**I.    *Eitel* Factors**

The Court first assesses the potential prejudice to Plaintiff should it deny the motions. *See Eitel*, 782 F.2d at 1471. As Plaintiff would otherwise lack an alternative method by which to resolve its present claim, the Court finds this factor weighs in favor of granting the motions. *See Garcia*, 2016 WL 526236 at *3 (finding the "possibility of prejudice . . . factor weigh[ed] in favor of granting" motion for default judgment because the plaintiff had "no alternative means by which to resolve their" claims).

With respect to the second, third, and fifth factors—the merits of the claims, the sufficiency of the complaint, and the possibility of a dispute concerning material facts—because default has previously been entered the Court accepts as true all well-pleaded allegations in the complaint. *See United States v. Panter*, No. 1:11-cv-03052-CL, 2012 WL 2367369, at *4 (D. Or. May 24, 2012) (explaining that after the entry of default a district court must "accept as true all well-pleaded allegations regarding liability"). The Ninth Circuit has indicated that these factors require that a plaintiff's allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The complaint in this case more than adequately a states claim for breach of contract. *See Garcia*, 2016 WL 526236 at *3 (finding merits and sufficiency of complaint factors weighed in favor of granting motion for default judgment where the complaint "properly stated a claim"). The Court further that finds the record in this case does not call into question any material facts.

The fourth *Eitel* factor—the sum of money at stake in the action—also weighs in favor of granting the motions. *See Eitel*, 782 F.2d at 1471. Although the amount at stake here is substantial, which typically weighs against entry of default judgment, Plaintiff has provided

detailed and unrebutted documentation in support of their motion and it is well settled that a defendant "should not be allowed to evade judgment as a result of failing to appear." *See United States v. Kelton*, No. 1:15-cv-197-AA, 2015 WL 9809799, at *2 (D. Or. Dec. 19, 2015) ("The amount of damages at issue is substantial, so this *Eitel* factor slightly favors the [defendants]. But the [plaintiff] has submitted a declaration and supporting exhibits verifying the assessments due from the [defendants].").

The sixth *Eitel* factor—whether the default may be due to a defendant's excusable neglect—also weighs in favor of granting the motions. *See Eitel*, 782 F.2d at 1471. Here, Defendant initiated adjudication in this forum by removing the lawsuit to this Court. *See* ECF Nos. 1. "Given these efforts and the subsequent passage of time, it is unlikely that [Defendant's] failure to appear is the result of excusable neglect." *United States v. Stuck*, No. 3:19-cv-01161-SB, 2020 WL 4516917, at *3 (D. Or. July 9, 2020), *adopted*, 2020 WL 4506781 (D. Or. Aug. 5, 2020); *see also Kelton*, 2015 WL 9809799 at *2 ("The non-appearing Defendants were properly served, and have had ample time to respond but failed to do so. There is no evidence of excusable neglect.").

The final *Eitel* factor considers the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471. However, "the mere existence of [Rule] 55(b) indicates that 'this preference, standing alone, is not dispositive." *Stuck*, 2020 WL 4516917, at *3 (citations and internal quotations omitted). "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* Defendant's failure to defend this lawsuit "makes a decision on the merits impossible[,]" and therefore "the policy favoring decision on the merits does not preclude the Court from entering a default judgment[.]"

*Garcia*, 2016 WL 526236, at *4 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment.

## II.   Damages

Following an entry of default, the facts in the complaint are taken as true; however, "neither the default nor the allegations in the complaint can establish the amount of damages." *Lasheen v. Embassy of the Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015). Thus, a plaintiff must prove its damages before a court can enter a default judgment on a sum certain. *Swift Fin., LLC v. Alabar Constr., Inc.*, No. 2:18-cv-02009-SU, 2019 WL 654343, at *3–4 (D. Or. Jan. 30, 2019), *adopted*, 2019 WL 653801 (D. Or. Feb. 15, 2019).

Plaintiff provided uncontested evidence of the cost in monetary damages it sustained as a result of Defendant's breach. Schagers Decl. ¶ 5, ECF No. 14. The Court finds this is sufficient evidence to establish damages.

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment (ECF Nos. 20) is GRANTED.

IT IS SO ORDERED.

DATED this 1st day of February 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge